11-4706-cv
Barksdale v. Colavita

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

        At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of December, two thousand twelve.

Present:
        JOHN M. WALKER, JR.,
        ROBERT A. KATZMANN,
        PETER W. HALL,
                *Circuit Judges.*
_____

ARTHUR BARKSDALE,

        *Plaintiff-Appellant*,

                v.                                                          No.  11-4706-cv

ANTHONY COLAVITA, JOEL S. CORDONE,
JAMES QUATRONE, CITY OF SYRACUSE,

        *Defendants-Appellees*.
_____

For Plaintiff-Appellant:                    JAMES A. MEGGESTO, Meggesto, Crossett and Valerino,
                                            LLP, Syracuse, N.Y.

For Defendant-Appellee:                     ANN MAGNARELLI ALEXANDER, Assistant Corporation
                                            Counsel, *for* Mary Anne Doherty, Corporation Counsel,
                                            Syracuse, N.Y.

Appeal from the United States District Court for the Northern District of New York (Baxter, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant Arthur Barksdale appeals from a Memorandum Decision and Order entered on October 5, 2011 by the United States District Court for the Northern District of New York (Baxter, *J.*). In the Memorandum Decision and Order, Magistrate Judge Baxter, who had the parties' consent to enter final judgment, granted the Defendants-Appellees' motion for summary judgment and dismissed Barksdale's claims under 42 U.S.C. § 1983 for false arrest and excessive force. We assume the parties' familiarity with the relevant facts, the procedural history, and the issues presented for review.

"We review a district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir. 2005). "We will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Id.* As a threshold matter, we affirm the district court's award of summary judgment in favor of the City of Syracuse because Barksdale, by failing to address that award in his opening brief, has waived any challenge to it. *See McCarthy v. SEC*, 406 F.3d 179, 186 (2d Cir. 2005).

Barksdale primarily challenges the district court's decision to grant summary judgment on his claim for false arrest against the officers who arrested him, namely, Officers Colavita and Quatrone. The district court identified two bases for this decision. First, it held that Officers

2

Colavita and Quatrone had probable cause to arrest Barksdale for obstructing governmental administration.

"[T]he existence of probable cause is an absolute defense to a false arrest claim." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "[P]robable cause to arrest exists when the [arresting] officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). When determining whether probable cause exists, courts consider those facts available to the officer at the time of arrest and base their analysis on the "totality of the circumstances." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). If the issue of probable cause is "predominantly factual in nature," then it is "properly presented to the jury." *Moore v. Comesanas*, 32 F.3d 670, 673 (2d Cir. 1994).

Here, Officers Quatrone and Colavita, while responding to an emergency in a shopping mall, hurried past Barksdale and his daughter on an escalator. Officer Quatrone passed without incident. Officer Colavita, however, came into physical contact with Barksdale. This contact led to an altercation and, ultimately, to Barksdale's arrest. In his deposition, Officer Colavita testified that Barksdale struck or pushed him three times, causing him to fall backwards. Barksdale, in contrast, testified at his deposition that Officer Colavita pushed him from behind. According to Barksdale, as a result of the push, he "lost [his] balance and put [his] hand back" in order "to try and get [his] balance." J. App'x at 92-93. Considering this evidence, the district court noted that Barksdale "acknowledge[d] that, as he lost his balance as a result of being pushed from behind, his left arm came up and came into contact with Officer Colavita."

3

*Barksdale v. Colavita*, No. 5:10-CV-545(ATB), 2011 WL 4736563, at *5 (N.D.N.Y. Oct. 5, 2011). Based on this admission, the district court concluded that, "[e]ven if plaintiff's version is credited, for the purposes of this motion, he still hit Officer Colavita with his elbow, which the officer could reasonably interpret, under the circumstances, to be intentional interference." *Id.* Thus, the district court held that "Officer Colavita had probable cause to believe that plaintiff was obstructing him in the performance of his official duties." *Id.*

We think that the district court inferred too much from the modest contact to which Barksdale admitted. On a motion for summary judgment, the "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Here, Barksdale testified that he made only incidental contact with Officer Colavita after Officer Colavita pushed him: "[I]t happened so quick. I was basically like, 'oh, I touched a police officer.'" J. App'x at 94. Barksdale further testified that, after he made contact with Officer Colavita, Officer Colavita began "tussling and grabbing on [him, *i.e.*, Barksdale] and [he] hit the ground." *Id.* at 98. Barksdale's version of events, which we must credit at this stage of proceedings, contains no support for the inference that he intended to obstruct Officer Colavita.[1] Officer Colavita would have known that he had initiated contact with Barksdale, that Barksdale "touched" him only in response to that contact, and that Officer Quatrone had passed Barksdale without incident. In light of these "facts and circumstances," a reasonable jury could find that no "person of reasonable caution" would jump to the conclusion

---

[1]Although the district court analyzed only whether the officers had probable cause to believe that Barksdale had obstructed governmental administration, the officers also charged Barksdale with two other crimes: harassment and resisting arrest. To have committed any of these three crimes, Barksdale must have intended to resist or otherwise harry Officer Colavita. *See* N.Y. Penal Law § 195.05; N.Y. Penal Law § 205.30; N.Y. Penal Law § 240.26(1). Moreover, suspicion that Barksdale resisted arrest could not justify the officers' initial decision to arrest him.

that Barksdale intended to impede Officer Colavita. Because Barksdale's version of events does not support an inference of probable cause, the issue of probable cause is "predominantly factual in nature," and the district court should have presented it to the jury.

The district court also cited the defendants' qualified immunity as a basis for granting summary judgment on Barksdale's false arrest claims. "In determining whether an officer is entitled to qualified immunity for a false arrest claim in the absence of probable cause, we examine whether there was 'arguable probable cause.'" *Amore v. Novarro*, 624 F.3d 522, 536 (2d Cir. 2010). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Id.* (internal quotation marks omitted). "Summary judgment on qualified immunity grounds is not appropriate when there are facts in dispute that are material to a determination of reasonableness." *Thomas v. Roach*, 165 F.3d 137, 143 (2d Cir. 1999).

As noted above, Barksdale's version of events contains no support for the inference that he intended to obstruct Officer Colavita. Thus, the facts in dispute are "material to a determination of reasonableness," and we vacate the district court's decision to grant summary judgment on Barksdale's claim for false arrest against Officers Colavita and Quatrone.

Because we conclude that Officers Colavita and Quatrone did not, as a matter of law, have probable cause to arrest Barksdale, we further vacate the district court's decision to grant summary judgment on Barksdale's claim for excessive force. When the district court analyzed this claim, it incorrectly assumed that Officers Colavita and Quatrone had probable cause to arrest Barksdale. Thus, we vacate the district court's decision on this issue and remand for an analysis that does not rely on a mistaken premise.

In reaching the decision that we have, we do not intend to preclude the defendants, or either of them individually, from reasserting that they are entitled to qualified immunity from suit based on facts found or otherwise adduced during the course of such further proceedings as the district court may hold. Should the matter proceed to trial before a jury, the district court may wish to employ special interrogatories to be answered by the jury with respect, *inter alia*, to facts relevant to the issue of qualified immunity in this case—a matter we leave to the district court's sound discretion.

We have considered the defendants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK